IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SU VANG, D.D.S.,<br><br>    Defendant. | Case No. 1:06-CV-00840-OWW-SMS<br><br>CONSENT JUDGMENT PURSUANT TO SETTLEMENT AGREEMENT BETWEEN THE PARTIES |

Pursuant to the Settlement Agreement entered into between plaintiff United States of America and defendant Su Vang, D.D.S. (hereinafter referred to as "Dr. Vang"), true and correct copy of which is attached hereto as Exhibit A (hereinafter referred to as "Agreement"), the Court finds:

In order to resolve litigation in the above-captioned matter, the parties herein agreed as follows:

1. **Indebtedness and Consent Judgment.**  As of August 21, 2007, the total amount of the debt owed by Dr. Vang for HHS Claim Number HHCA-7-80010040 is $621,956.00 (Six Hundred Twenty-one Thousand Nine Hundred Fifty-six Dollars) (hereinafter "original debt"), which includes the principal, accrued interest and late payment charges, if any.  However, upon payment of a compromised balance of $306,000.00 (Three Hundred Six Thousand Dollars) (hereinafter "compromised balance"), the United States will consider the original debt paid in full.  Dr. Vang agrees to have Judgment entered against him for the amount of the original debt.  Accordingly, as

part of the Agreement, the parties agree that interest shall accrue on the compromised balance at the post-judgment interest rate of 4.44%.  The parties further agree that if Dr. Vang defaults on the Agreement, he will be required to pay the balance owed on the original debt, less any payments made toward satisfaction of the compromised balance at time of default, and that interest shall accrue on the original debt from date of default at the post-judgment interest rate of 4.44%.  Agreement at ¶ 6.

    2. **Payment Schedule.**  Dr. Vang agrees to make payments as follows:

        a.  A down payment of $60,000.00 (Sixty Thousand Dollars) (hereinafter "down payment") within thirty (30) days of entry of judgment.  Agreement at ¶ 7.a.

        b.  The balance of $246,000.00 (Two Hundred Forty Six Thousand Dollars) shall be paid over time, to wit, payments of $2,542.40 (Two Thousand Five Hundred Forty Two and 40/100 Dollars) per month, due on the 1st day of each month, beginning thirty (30) days after payment of the down payment, on the 1st day of the first month thereafter (for example if down payment paid on November 2, 2007, then first monthly payment due January 1, 2008), and continuing at such monthly amount until the balance owed is paid in full, or until Dr. Vang is notified otherwise by amendment to the Agreement.  A payment not received by the 10th day of each month shall be in default and deemed a default on the Agreement.  Agreement at ¶ 7.b.

        c.  All payments shall be made payable to: "U.S. Department of Justice" and mailed to:  United States Attorney's Office, attention:  Financial Litigation Unit, 501 I Street, Suite 10-100, Sacramento, California 95814, unless and until directed otherwise in writing by the United States Attorney's Office.  Agreement at ¶ 7.c.

    3. **Default on Agreement.**  Should a default on the Agreement occur, the United States may take any steps authorized by law to enforce its Judgment, as provided for in paragraph 6 thereof.  Agreement at ¶ 8.

    4. **Bankruptcy.**  As further consideration to induce the United States to enter into the Agreement, Dr. Vang agreed that if a voluntary or involuntary bankruptcy is commenced by or against him, then the imposition of the exclusion prior to the bankruptcy is not subject to the automatic stay imposed by 11 U.S.C. § 362(a).  Dr. Vang also agreed not to oppose or otherwise object to any motion filed by the United States seeking relief from or modification to the automatic

stay imposed by 11 U.S.C. § 362(a) with regard to imposition of the exclusion prior to the bankruptcy.  Agreement at ¶ 9.

      a.  Dr. Vang further agreed that his failure to comply with the Agreement, including but not limited to the payment terms in paragraph 7 thereof, is not excused by the commencement of the bankruptcy by or against Dr. Vang, and will be considered a default on the Agreement for purposes of paragraph 8 thereof, notwithstanding the commencement of the bankruptcy.  Agreement at ¶ 9.a.

5. **Costs and Fees:**  The parties shall bear their own costs and attorneys' fees.  Agreement at ¶ 10.

6. **Severability Clause.**  In the event any parts of the Agreement are found to be void, the remaining provisions of the Agreement shall nevertheless be binding with the same effect as though the void parts were deleted.  Agreement at ¶ 11.

7. **Effect of the Agreement.** The Agreement contains a complete description of the settlement between the parties.  All material representations, understandings and promises of the parties concerning the repayment of the debt are contained in the Agreement.  Any modifications to the Agreement  must be set forth in writing and signed by all parties.  Agreement at ¶ 12.

      a.  Dr. Vang has represented that he entered into the Agreement with full knowledge of the events described herein.  Dr. Vang further has represented that he voluntarily entered into the Agreement in order to settle the above-captioned civil action.  Agreement at ¶ 12.a.

Based upon the above findings, and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

That the Court adopts the Settlement Agreement entered into by and between the parties.

IT IS SO ORDERED.

DATED: October 29, 2007        /s/ OLIVER W. WANGER
                                      UNITED STATES DISTRICT JUDGE