FILED

NOV 6 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
　　　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,　　　　　)　　Case No. 1:06-CV-00840-OWW-SMS
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiff,　　　)　　CONSENT JUDGMENT PURSUANT TO
　　　　　　　　　　　　　　　　　　)　　SETTLEMENT AGREEMENT BETWEEN
　　　　v.　　　　　　　　　　　　　 )　　THE PARTIES
　　　　　　　　　　　　　　　　　　)
SU VANG, D.D.S.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Defendant.　　)
_____)

　　　　Pursuant to the Settlement Agreement entered into between plaintiff United States of America and defendant Su Vang, D.D.S. (hereinafter referred to as "Dr. Vang"), true and correct copy of which is attached hereto as Exhibit A (hereinafter referred to as "Agreement"), the Court finds:

　　　　In order to resolve litigation in the above-captioned matter, the parties herein agreed as follows:

　　　　1. **Indebtedness and Consent Judgment.** As of August 21, 2007, the total amount of the debt owed by Dr. Vang for HHS Claim Number HHCA-7-80010040 is $621,956.00 (Six Hundred Twenty-one Thousand Nine Hundred Fifty-six Dollars) (hereinafter "original debt"), which includes the principal, accrued interest and late payment charges, if any. However, upon payment of a compromised balance of $306,000.00 (Three Hundred Six Thousand Dollars) (hereinafter "compromised balance"), the United States will consider the original debt paid in full. Dr. Vang agrees to have Judgment entered against him for the amount of the original debt. Accordingly, as

part of the Agreement, the parties agree that interest shall accrue on the compromised balance at the post-judgment interest rate of 4.44%. The parties further agree that if Dr. Vang defaults on the Agreement, he will be required to pay the balance owed on the original debt, less any payments made toward satisfaction of the compromised balance at time of default, and that interest shall accrue on the original debt from date of default at the post-judgment interest rate of 4.44%. Agreement at ¶ 6.

    2. **Payment Schedule.** Dr. Vang agrees to make payments as follows:

        a. A down payment of $60,000.00 (Sixty Thousand Dollars) (hereinafter "down payment") within thirty (30) days of entry of judgment. Agreement at ¶ 7.a.

        b. The balance of $246,000.00 (Two Hundred Forty Six Thousand Dollars) shall be paid over time, to wit, payments of $2,542.40 (Two Thousand Five Hundred Forty Two and 40/100 Dollars) per month, due on the 1st day of each month, beginning thirty (30) days after payment of the down payment, on the 1st day of the first month thereafter (for example if down payment paid on November 2, 2007, then first monthly payment due January 1, 2008), and continuing at such monthly amount until the balance owed is paid in full, or until Dr. Vang is notified otherwise by amendment to the Agreement. A payment not received by the 10th day of each month shall be in default and deemed a default on the Agreement. Agreement at ¶ 7.b.

        c. All payments shall be made payable to: "U.S. Department of Justice" and mailed to: United States Attorney's Office, attention: Financial Litigation Unit, 501 I Street, Suite 10-100, Sacramento, California 95814, unless and until directed otherwise in writing by the United States Attorney's Office. Agreement at ¶ 7.c.

    3. **Default on Agreement.** Should a default on the Agreement occur, the United States may take any steps authorized by law to enforce its Judgment, as provided for in paragraph 6 thereof. Agreement at ¶ 8.

    4. **Bankruptcy.** As further consideration to induce the United States to enter into the Agreement, Dr. Vang agreed that if a voluntary or involuntary bankruptcy is commenced by or against him, then the imposition of the exclusion prior to the bankruptcy is not subject to the automatic stay imposed by 11 U.S.C. § 362(a). Dr. Vang also agreed not to oppose or otherwise object to any motion filed by the United States seeking relief from or modification to the automatic

stay imposed by 11 U.S.C. § 362(a) with regard to imposition of the exclusion prior to the bankruptcy.  Agreement at ¶ 9.

      a. Dr. Vang further agreed that his failure to comply with the Agreement, including but not limited to the payment terms in paragraph 7 thereof, is not excused by the commencement of the bankruptcy by or against Dr. Vang, and will be considered a default on the Agreement for purposes of paragraph 8 thereof, notwithstanding the commencement of the bankruptcy.  Agreement at ¶ 9.a.

5. **Costs and Fees:** The parties shall bear their own costs and attorneys' fees.  Agreement at ¶ 10.

6. **Severability Clause.** In the event any parts of the Agreement are found to be void, the remaining provisions of the Agreement shall nevertheless be binding with the same effect as though the void parts were deleted.  Agreement at ¶ 11.

7. **Effect of the Agreement.** The Agreement contains a complete description of the settlement between the parties.  All material representations, understandings and promises of the parties concerning the repayment of the debt are contained in the Agreement.  Any modifications to the Agreement must be set forth in writing and signed by all parties.  Agreement at ¶ 12.

      a. Dr. Vang has represented that he entered into the Agreement with full knowledge of the events described herein.  Dr. Vang further has represented that he voluntarily entered into the Agreement in order to settle the above-captioned civil action.  Agreement at ¶ 12.a.

Based upon the above findings, and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

That the Court adopts the Settlement Agreement entered into by and between the parties.

IT IS SO ORDERED.

DATED: 11-4-07

UNITED STATES DISTRICT JUDGE

# Exhibit A

1  McGREGOR W. SCOTT
   United States Attorney
2  BOBBIE J. MONTOYA
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814-2322
4  Telephone: (916) 554-2775

5  Attorneys for Plaintiff

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

11 | UNITED STATES OF AMERICA,        ) Case No. 1:06-CV-00840-OWW-SMS
                                      )
12 |              Plaintiff,           ) SETTLEMENT AGREEMENT;
                                      ) STIPULATION FOR CONSENT JUDGMENT
13 |        v.                        )
                                      )
14 | SU VANG, D.D.S.,                 )
                                      )
15 |              Defendant.          )
   |_____)

17      Plaintiff United States of America and defendant Su Vang, D.D.S., hereby agree and
18 STIPULATE as follows:

19                          **SETTLEMENT AGREEMENT**
20                          **A.  RECITALS**

21      1. **Parties.** The parties to this Settlement Agreement (hereinafter referred to as "the
22 Agreement") are plaintiff United States of America and defendant Su Vang, D.D.S. (hereinafter
23 referred to as "Dr. Vang").

24      2. **NHSC Scholarship Award.** Dr. Vang applied for and was awarded scholarships totaling
25 $154,676.50 from the National Health Service Corps Scholarship Program ("NHSC") during the four
26 school years of 1991-1995, to fund his education toward becoming a dentist. As a condition of
27 receipt of the four years of scholarship awards, Dr. Vang agreed to four years of obligated service in
28 the clinical practice of his profession as a commissioned officer in the Regular or Reserve Corps of

Settlement Agreement; Stipulation for Consent Judgment           1

1  the Public Health Service, or as a civilian member of the Corps in a health manpower shortage area
2  designated under Section 332 of the Public Health Act -- one year of obligated service for each year
3  of scholarship support.

4      3. **PPA and PPO Agreements.** Dr. Vang signed a Private Practice Assignment ("PPA")
5  agreement to begin his four-year service at the Family Health Care Network in Porterville,
6  California, from November 25, 1996, to November 24, 2000. However, Dr. Vang's PPA agreement
7  was terminated on January 29, 1999, when he converted to a Private Practice Option ("PPO")
8  agreement in which he agreed to complete his remaining NHSC service commitment in the same
9  shortage area from July 29, 1999, to April 19, 2001.

10      4. **Alleged Default on PPO Agreement.** On March 26, 2001, Dr. Vang was placed in
11  default for failing to comply with the provisions of his PPO agreement. Therefore, he was deemed in
12  breach of the terms and conditions of his awards in accordance with 42 C.F.R. § 62.10(c), which
13  states:

> Pursuant to 42 U.S.C. 254o(b)(1), if a participant fails, for any reason, to begin or complete the period of obligated service, the participant must pay the United States damages equal to three times "$\varphi$" (where "$\varphi$" equals the scholarship amounts paid to or on behalf of the participant and the interest on such amounts, as if they were loans bearing interest at the maximum legal prevailing rate), proportionately reduced by the percentage of the period of obligated service performed by the participant. Payment of the damages shall be made within 1 year of the date the participant failed to begin or complete the period of obligated service, as determined by the Secretary.

Dr. Vang disputes that he was in default of the conditions of his NHSC scholarship contract. This litigation ensued.

    **B.    TERMS OF THE AGREEMENT**

    5. **Intention of the Parties to Effect Settlement.** In order to settle the above-captioned civil action, the parties agree as follows:

    6. **Indebtedness and Consent Judgment.** As of August 21, 2007, the total amount of the debt owed by Dr. Vang for HHS Claim Number HHCA-7-80010040 is $621,956.00 (Six Hundred Twenty-one Thousand Nine Hundred Fifty-six Dollars) (hereinafter "original debt"), which includes the principal, accrued interest and late payment charges, if any. However, upon payment of a

compromised balance of $306,000.00 (Three Hundred Six Thousand Dollars) (hereinafter "compromised balance"), the United States will consider the original debt paid in full. Dr. Vang agrees to have Judgment entered against him for the amount of the original debt. Accordingly, as part of the Agreement, the parties agree that interest shall accrue on the compromised balance at the post-judgment interest rate of 4.44%. The parties further agree that if Dr. Vang defaults on the Agreement, he will be required to pay the balance owed on the original debt, less any payments made toward satisfaction of the compromised balance at time of default, and that interest shall accrue on the original debt from date of default at the post-judgment interest rate of 4.44%.

7. **Payment Schedule.** Dr. Vang agrees to make payments as follows:

    a. A down payment of $60,000.00 (Sixty Thousand Dollars) (hereinafter "down payment") within thirty (30) days of entry of judgment.

    b. The balance of $246,000.00 (Two Hundred Forty Six Thousand Dollars) shall be paid over time, to wit, payments of $2,542.40 (Two Thousand Five Hundred Forty Two and 40/100 Dollars) per month, due on the 1st day of each month, beginning thirty (30) days after payment of the down payment, on the 1st day of the first month thereafter (for example if down payment paid on November 2, 2007, then first monthly payment due January 1, 2008), and continuing at such monthly amount until the balance owed is paid in full, or until Dr. Vang is notified otherwise by amendment to the Agreement. A payment not received by the 10th day of each month shall be in default and deemed a default on the Agreement.

    c. All payments shall be made payable to: "U.S. Department of Justice" and mailed to: United States Attorney's Office, attention: Financial Litigation Unit, 501 I Street, Suite 10-100, Sacramento, California 95814, unless and until directed otherwise in writing by the United States Attorney's Office.

8. **Default on Agreement.** Should a default on the Agreement occur, the United States may take any steps authorized by law to enforce its Judgment, as provided for in paragraph 6.

9. **Bankruptcy.** As further consideration to induce the United States to enter into this Agreement, Dr. Vang agrees that if a voluntary or involuntary bankruptcy is commenced by or against him, then the imposition of the exclusion prior to the bankruptcy is not subject to the

Settlement Agreement; Stipulation for Consent Judgment        3

1  automatic stay imposed by 11 U.S.C. § 362(a). Dr. Vang also agrees not to oppose or otherwise
2  object to any motion filed by the United States seeking relief from or modification to the automatic
3  stay imposed by 11 U.S.C. § 362(a) with regard to imposition of the exclusion prior to the
4  bankruptcy.

5       a. Dr. Vang further agrees that his failure to comply with this Agreement, including
6  but not limited to the payment terms in paragraph 7, is not excused by the commencement of the
7  bankruptcy by or against Dr. Vang, and will be considered a default on the Agreement for purposes
8  of paragraph 8, notwithstanding the commencement of the bankruptcy.

9     10. **Costs and Fees:** The parties shall bear their own costs and attorneys' fees.

10     11. **Severability Clause.** In the event any parts of this Agreement are found to be void, the
11  remaining provisions of this Agreement shall nevertheless be binding with the same effect as though
12  the void parts were deleted.

13     12. **Effect of the Agreement.** This Agreement contains a complete description of the
14  settlement between the parties. All material representations, understandings and promises of the
15  parties concerning the repayment of the debt are contained in this Agreement. Any modifications to
16  the Agreement must be set forth in writing and signed by all parties.

17       a. Dr. Vang hereby represents that he is entering into this Agreement with full
18  knowledge of the events described herein. Dr. Vang further represents that he voluntarily enters into
19  this Agreement in order to settle the above-captioned civil action.

20             **STIPULATION FOR CONSENT JUDGMENT**

21     13. Pursuant to paragraph 6 of the foregoing Settlement Agreement, the Court shall enter a
22  Consent Judgment in the above-captioned civil action consistent therewith.

23     IT IS SO STIPULATED.

24  DATED: 10/24/2007

                                          McGREGOR W. SCOTT
                                          United States Attorney

                                By:  _____
                                    BOBBIE J. MONTOYA
                                    Assistant U.S. Attorney
                                    Attorneys for Plaintiff

| | | |
|---|---|---|
| 2 | DATED: 10/12/07 | MOTSCHIEDLER, MICHAELIDES & WISHON, LLP |
| | | By: _____<br>RUSSELL K. RYAN<br>Attorneys for Defendant |
| 8 | DATED: 10/10/2007 | _____<br>SU VANG, D.D.S.<br>Defendant |